**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Wyatt, | No. CV-07-203-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Pyramid Services, Inc., a corporation; John Does 1-5; Jane Does 1-5; ABC companies 1-5; and XYZ corporations 1-5, | |
| Defendants. | |

Defendant Pyramid Services, Inc. has field a motion to dismiss. Dkt. #5. For the reasons set forth below, the Court will grant the motion.

**I.    Background.**

Plaintiff commenced this action by filing a complaint against Defendant in state court on December 7, 2006. The complaint asserts retaliation and wrongful discharge claims based on the termination of Plaintiff's employment with Defendant Pyramid Services, Inc. Defendant removed the action to this Court on January 29, 2007. Dkt. #1 & Ex. A.

Defendant filed the instant motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #5. Defendant argues that Plaintiff's claims are untimely and have not been properly pled as a matter of law. *Id.* Defendant seeks dismissal of the complaint with prejudice. *Id.*

## II.     Failure to Respond.

On January 31, 2007, the Clerk advised the parties that the case had been removed to this Court and that all future documents must be filed in compliance with the Federal Rules of Civil Procedure and the District of Arizona Local Rules. Dkt. #4. Defendant filed and served its motion to dismiss on February 5, 2007. Dkt. #5. Pursuant to Local Rule 7.2(c), Plaintiff was required to file a response to the motion by February 23, 2007. LRCiv 7.2(c); *see* Fed. R. Civ. P. 6(a). Plaintiff has not responded to the motion.

Local Rule 7.2(i) provides that if a defendant files a motion to dismiss and the plaintiff "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Before dismissing a case for failure to prosecute or follow a local rule, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendant, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors favor dismissal. Plaintiff, through her counsel, was served with Defendant's motion on February 5, 2007. *See* Dkt. #5 at 6. Plaintiff has had ample time to respond to the motion, but has failed to do so. Because the Court and the public have a strong interest in judicial efficiency and the prompt resolution of litigation, Plaintiff's failure to prosecute this action weighs in favor of dismissal. The risk of prejudice to Defendant also weighs in favor of dismissal. Defendants forced to incur expenses and defend themselves in court are prejudiced by a plaintiff's failure to respond to motions or prosecute the case in a timely and efficient manner. The fourth factor, as always, weighs against dismissal. As for the fifth factor, the Court concludes that a dismissal with prejudice would be unduly harsh. Dismissal without prejudice is, however, an appropriate alternative sanction in light of Plaintiff's complete failure to prosecute this action since its removal to this Court. Because the overall five-factor analysis favors dismissal, the Court will deem Plaintiff's lack

1  of response a consent to the granting of Defendant's motion. *See* LRCiv 7.2(i); *Ghazali*, 46
2  F.3d at 54 (holding that district court did not err in summarily granting the defendants'
3  motion to dismiss pursuant to a local rule where the plaintiff had time to respond to motion
4  but failed to do so).

5  **IT IS ORDERED:**

6  1.  Defendant Pyramid Services, Inc.'s motion to dismiss (Dkt. #5) is **granted**.
7      The claims against Defendant Pyramid Services, Inc. are **dismissed without**
8      **prejudice**.
9  2.  The request for oral argument is **denied** as moot.

10  DATED this 22nd day of March, 2007.

*(signature)*
David G. Campbell
United States District Judge